## UNITED STATES v. RIZAK.

Circuit Court of Appeals, Third Circuit.
January 4, 1929.

No. 3937.

John D. Meyer, U. S. Atty., and Ralph H. Smith and Raymond D. Evans, Asst. U. S. Attys., all of Pittsburgh, Pa., for the United States.

Vincent R. Smith and Smith, Keenan & Smith, all of Greensburg, Pa., and George D. Wick and Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. The original act of 1802 (2 Stat. 153) required the applicant to declare on oath, before a Circuit or District Court of the United States, or a court of record of any of the states having common-law jurisdiction, of his intention to become a citizen of the United States. The law so remained until 1824 (4 Stat. 69), when Congress made a significant change, allowing the declaration to be made before the clerk of any of the courts named in the section, and in 1876 (19 Stat. 2) all declarations theretofore made before such clerks were declared legal and valid, as if made before one of the courts named.

It thus clearly appears that Congress regarded the declaration of intention as much more informal than the final application for admission to citizenship, which was required to be made before the court.

Again, appellant seeks to read into the statute a requirement which Congress did not impose. The only conditions prescribed were that the alien should declare on oath, before the clerk of any court authorized by the act to naturalize aliens, or his authorized deputy, *in the district in which such alien resides*. This latter condition is the only limitation as to place. To hold that the oath must be administered in the clerk's office is wholly unwarranted, and the court below was right in so holding.

Its judgment is therefore affirmed.